**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**V.** **C.R. NO. 07-116ML**

**WAYNE THOMPSON**

# DEFENDANT'S MOTION FOR VARIANT SENTENCE

Now comes the defendant, Wayne Thompson, by and through counsel, and respectfully requests that this Honorable Court grant a variant sentence in this matter after consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a). A memorandum in support of this request is attached hereto.

Respectfully submitted,
Wayne Thompson
By his attorney,

/s/ John E. MacDonald

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)

## CERTIFICATION

I hereby certify that on March 20, 2008 a true copy of this document was delivered electronically using the CM/ECF system which will send notification to A.U.S.A. Zechariah Chafee.

/s/ John E. MacDonald

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA**

**V.** **C.R. NO. 07-116ML**

**WAYNE THOMPSON**

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR VARIANT SENTENCE**

Now comes the defendant, Wayne Thompson, by and through counsel, and respectfully submits the following memorandum in support of his Motion for Variant Sentence.

## FACTS AND TRAVEL

Mr. Thompson is charged in a one-count indictment with possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). On May 24, 2007, Mr. Thompson's vehicle was stopped for speeding by members of the Rhode Island State Police on Route 95 in Warwick, Rhode Island. Mr. Thompson and his passenger, David Popplewell, were questioned by police as to a smell of marijuana in the vehicle. A search of the vehicle revealed the presence of a .22 caliber revolver and ammunition underneath the center console of Mr. Thompson's Honda Prelude. It should be noted, that troopers had to unscrew and pry open the center console before the weapon was located. The resulting damage required replaced of the center console. At State Police Headquarters, Mr. Thompson gave a written and taped statement in which he admitted to possession of the hand gun. Mr. Thompson further indicated to police that he

possessed the gun for protection since he was shot in the head and nearly killed in Boston in 2000.

On May 24, 2007, Mr. Thompson appeared in the Third Division District Court on a criminal complaint charging him with possession of the hand gun and other offenses (*State of Rhode Island v. Wayne Thompson, 32-2007-03949*). Mr. Thompson was released on bail and complied with all conditions of his release. The United States Attorney's Office obtained a grand jury indictment on September 5, 2007. On September 19, 2007, Mr. Thompson appeared before Magistrate Judge David L. Martin for arraignment. He was released on $5,000 full surety bond with conditions. To date, Mr. Thompson has been compliant with all conditions of his release. On December 12, 2007, Mr. Thompson pled guilty to this indictment. There is no plea agreement in this matter. Sentencing is scheduled for March 27, 2008.

## ADVISORY GUIDELINE RANGE

In this matter, the advisory guideline range is 10 to 16 months in Zone C of the sentencing table. This is based on a total offense level of 12 and a criminal history category of I. PSR at ¶ 23, 31, 59.

## § 3553(A) SENTENCING FACTORS

United States v. Booker, 543 U.S. 220 (2005), requires a sentencing court to consider various sentencing factors set forth in 18 U.S.C. §3553(a) in order to impose a sentence "sufficient, but not greater than necessary." These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for

the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed; (5) any pertinent policy statement issued by the sentencing commission; (6) the need to avoid unwarranted sentencing disparities among defendant's with similar records; and (7) the need to provide restitution to any victims of the offense. The primary sentencing mandate of §3553(a) directs the sentencing court to impose the minimally sufficient sentence to achieve the statutory purposes of punishment, that is justice, deterrence, incapacitation and rehabilitation.

The Pre-sentence Investigation Report details the armed home invasion and attempted murder of Mr. Thompson on May 23, 2000. Two unknown individuals, armed with firearms, forced their way into his apartment located in Mattapan, Massachusetts. See PSR at ¶ 46. Mr. Thompson's hands and feet were tied with duck tape. His apartment was ransacked. When the intruders found nothing of value, one of them ordered the other to shoot Mr. Thompson. Mr. Thompson was shot in the head at point blank range. The bullet lodged behind his right eye. Miraculously, Mr. Thompson survived and was brought to Boston Medical Center where he underwent emergency cranial surgery. He later underwent multiple facial reconstructive surgeries in 2003 requiring a four month hospitalization. As a result of his injuries, Mr. Thompson lost all vision in his right eye. His right temple retains a permanent scar where the bullet entered his head.

At the time of this incident, Mr. Thompson was 30 years old. He had turned away from a previous history of drug possession and drug dealing. He was two weeks away from completing a four year program as a master carpenter. He was also working odd jobs to support his girlfriend, Rolanda Williams, and their eighteen month old daughter, Maraisama. After completing extensive rehabilitation, Mr. Thompson began work as a union carpenter where he

remains employed today. He and Rolanda Williams are the parents of three young children, Maraisama, age 8, Jahaziel, age 5, and Zermira, age 3. While Ms. Williams recently moved to Florida with the children, Mr. Thompson maintains daily contact with his children and provides financial support without a court order.

The weapon at issue was given to Mr. Thompson by a friend for protection. The intruders in this case were never apprehended by police and Mr. Thompson continued to reside in the same area. The handgun was secured in the center consol of his vehicle because he did not want it in his house where his children resided. The center consol was deliberately removed and re-screwed to accommodate the handgun. At the time of the police stop, the handgun had been under the center console for over a year.

## SENTENCING RECOMMENDATION

The facts and circumstances of this case as well as Mr. Thompson's personal history do not warrant the imposition of incarceration. As the survivor of a gunshot wound to the head, the possession of a firearm for protection, while unlawful, can certainly be understood. Mr. Thompson has continued his course as a productive member of society by working full time, supporting three children and remaining trouble free. Counsel for Mr. Thompson respectfully requests the imposition of a probationary sentence.

For the foregoing reasons, the defendant, Wayne Thompson, respectfully requests that this Honorable Court grant his Motion for Variant Sentence.

Respectfully submitted,
Wayne Thompson
By his attorney,

/s/ John E. MacDonald

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)

**CERTIFICATION**

I hereby certify that on March 20, 2008 a true copy of this document was delivered electronically using the CM/ECF system which will send notification to A.U.S.A. Zechariah Chafee.

/s/ John E. MacDonald

John E. MacDonald, Esq.
Larochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, Rhode Island 02903
(401) 421-1440
(401) 421-1442 (FAX)